```
                IN THE UNITED STATES DISTRICT COURT
                 DISTRICT OF UTAH, CENTRAL DIVISION
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
|  | : Case #: 2:09CR00285 DAK |
| Plaintiff, | : |
| vs. | :     ORDER OF FORFEITURE |
|  | : |
| STEPHEN LAWRENCE DEAN, | : |
|  |     JUDGE Dale A. Kimball |
| Defendant. | : |

WHEREAS, the defendant, Stephen Lawrence Dean, pled guilty pursuant to a written plea agreement to Count One of the Indictment, charging him with felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1);

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   Pursuant to 18 U.S.C. § 924(d) and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Federal Brand .22 caliber ammunition is hereby forfeited to the United States.

2.   Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Federal Brand .22 caliber ammunition and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

3.   Upon entry of this Order the Attorney General or its

designee is authorized to commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

    4.   The United States shall publish notice of this Order on its intent to dispose of the property on the Government's internet website, www.forfeiture.gov.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

    5.   Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853.

    6.   Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    7.   Any petition filed by a third party asserting an

interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioners claim and relief sought.

8.   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Criminal Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9.   The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

10.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this ___ day of June, 2010.

BY THE COURT:

_____
DALE A. KIMBALL, Judge
United States District Court